Argued June 28, affirmed in part; reversed in part and remanded July 18, reconsideration denied August 24, 1977, petition for review pending

STATE OF OREGON, *Appellant—Cross-respondent,*
*v.*
SIDNEY A. DeSAUTEL,
*Respondent—Cross-appellant.*
(No. C 76-10-14628, CA 7347)

566 P2d 922

Argued and submitted June 28, 1977.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant—cross-respondent. With him on the briefs were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

J. Rion Bourgeois, Portland, argued the cause for respondent—cross-appellant. With him on the brief

were Phillip H. Lowthian and Evans, Anderson, Hall and Grebe, Portland.

Before Schwab, Chief Judge, Thornton, Judge, and Fort, Senior Judge.

FORT, S. J.

**FORT, S. J.**

The state appeals from an order of the circuit court entered on an appeal by the state from an order of the district court dismissing two traffic infraction complaints on the ground that the state, at the time the consolidated matters were called for trial, refused to proceed. The validity of the orders turns on the meaning of ORS 484.390(2). The circuit court affirmed the district court dismissal on the ground that the granting or denial of a motion to dismiss was within the discretion of the trial judge and, absent a clear abuse of discretion, it would not be upset on appeal.[1] ORS 484.390 provides:

"(1) At any trial involving a traffic infraction only, defense counsel shall not be provided at public expense.

"(2) At any trial involving a traffic infraction only, the district attorney shall not appear unless counsel for the defendant appears. *The court shall ensure that the district attorney is given timely notice if defense counsel is to appear at trial.*

"* * * * *." (Emphasis supplied.)

■ Contrary to the customary practice generally in effect in most legal proceedings, this statute not only does not require or provide for any notification to be given by a private attorney of his employment to represent an accused at trial in a traffic violation matter, but subsection (2) expressly places that burden upon "[t]he court."

---

[1] We note that the circuit judge stated as follows:

"* * * I disagree with Judge Duffy's ruling in this case. I wouldn't have done it. I think there was a complete foul-up on the Court's part, that the deficiency was there and not with the prosecution and not with the defense. But set-overs and dismissals are highly discretionary. We have the situation of a citizen who has gone to the expense of hiring a lawyer, whose lawyer has notified the Court in accordance with the statute and who was present on time with his client and offering the other side of that was the District Attorney's Office which just simply was caught short. I think that the Judge was in a discretionary field, had jurisdiction and did not abuse the discretion. I will uphold that dismissal, although I feel quite strongly I personally would not have made such a decision."

Section 139 of the Proposed Revision Oregon Vehicle Code (1975) was presented to and adopted by the 1975 Oregon legislature in Oregon Laws 1975, ch 451, § 139, p 769, without any change. In its Commentary to that section the Joint Interim Committee on Judiciary stated:

"Subsection (1) specifically precludes court appointed counsel in traffic infraction cases. Subsection (2) provides that the district attorney shall not appear at trials of traffic infractions unless the defendant is represented by counsel at trial. This means that in that type of case the officer who cited the defendant would present the facts to the court. *It is intended that the courts adopt appropriate procedures to ensure that the state is notified in time to prepare for trial if counsel is to appear.*" (Emphasis supplied.)

Defendant was cited on August 15, 1976. On August 31, an attorney duly notified the district court by letter that he represented the defendant in both matters. This notice was regularly received by the court, as appears from its record. There is nothing in the record to indicate that the court, as it was required by the statute to do, notified the district attorney. The trial date was set by the district court for October 8 pursuant to the defendant's request for a trial.

Indeed, the Traffic Court Trial Docket for that date, although listing defendant's as among the cases set for trial, does not indicate that he would be represented by counsel although a blank for such information appears on the form. Thus, its receipt by the prosecutor cannot be considered as notice of a fact omitted from it. No person employed by the court was called as a witness. The deputy district attorney in charge of the prosecution of Driving Under the Influence of Intoxicants cases testified that the first information his office or he personally had concerning the need for a prosecutor to appear in the district court on the DeSautel matters was at 11:10 a.m. when he was called by phone to appear in the trial courtroom for the DeSautel trials which had been set for 11:00 a.m. He did so and

advised the court that he had had no prior knowledge of the case, had not yet received the police department file and could not proceed to trial. He also stated that the four trial deputies assigned to his department were all then actively engaged in trying cases in other branches of the traffic court. The trial judge, after some colloquy which, since it occurred prior to January 1, 1977 is not a part of the record, then dismissed the charges.

We think it clear that the statutory mechanism, which in traffic infraction cases triggers responsibility in the district attorney's office to appear and be ready for trial, is the giving by the court to the district attorney of the "timely notice" that defense counsel is to appear at trial in that traffic infraction case as mandated by ORS 484.390(2). It is not contended here that the district attorney in fact had timely, or indeed any, knowledge from the defense counsel or otherwise that the defendant was going to appear with counsel. No rule of court requiring defense counsel to send a copy of the notice given by him to the district court of his representation of a defendant in this class of case has been called to our attention, and we are aware of none in effect at the time here in question.

Thus, so far as the record shows no "timely notice"—indeed no notice at all—was given by the court or the defendant to the prosecutor. Indeed there is no contention the latter was notified at all prior to the time of trial. It follows then that the trial court should have granted a continuance. The giving of such notice by the court is mandated by the statute, and thus was not a discretionary act. It was error for the trial court to dismiss the charges.

■ The defendant has cross-appealed from the circuit court order denying his motion to dismiss the state's appeal. This motion was based on the fact that the state chose to mail to defense counsel a duly certified

copy of the notice of appeal.[2] That copy was timely mailed and received at defense counsel's office.[3] However, defense counsel's office staff declined to sign the standard delivery receipt since Mr. Lowthian, defendant's attorney of record, was not in. Accordingly, as is the common practice, the mailman left at his office the usual yellow Notice of Mail Arrival or Attempted Delivery addressed to Mr. Lowthian. Thereafter Mr. Lowthian made no effort either to pick up or to request redelivery of the letter, and the letter was ultimately returned to the district attorney's office. Mr. Lowthian now claims since the notice was not actually delivered to him the appeal must be dismissed.

The circuit judge took extensive testimony and at its conclusion stated:

"The whole point of this is, you got more than the statute required. You got service not only by mail but certified by a superior form of mail, and that is the whole idea of this, is not to play cat and mouse as far as trying to dodge legal notice. The reason that the legal notices are given by certified mail is to give us a superior form of service to let you have some, to let the sender have some

---

[2] ORS 16.790 relating to service by mail of copy of notice of appeal states:

"(1) Service by mail may be made where the person on whom it is to be made resides or has his office at a place where there is a regular communication by mail.

"(2) In case of service by mail, the copy of the notice or other paper to be served must be deposited in the post office, in a sealed envelope, with postage paid, addressed to the person on whom it is to be served, at his regular office address, or his address as last given by him on any document which he has filed in the cause and served on the party making service by mail; and if he does not maintain a regular office or if the filed documents do not contain his address he may be addressed at his usual place of abode. The service shall be deemed to be made on the day of the deposit in the post office, and not otherwise."

[3] ORS 16.800 authorizes service of a copy on counsel:

"When a party is absent from the state, and has no attorney in the action or suit, service may be made by mail, if his residence is known. When a party, whether absent or not from the state, has an attorney in the action or suit, service of notice or other papers shall be made upon the attorney if the address of his office is known. If the residence and place of business of the party and his attorney are unknown, service may be made upon the clerk of the court for either of them."

[ 162 ]

evidence that the mail was in fact sent. The notice was, the mail was delivered to Mr. Lowthian's office and the mail was not signed for and Mr. Lowthian had the opportunity to pick it up and failed to do so. It seemed to me that [by] any common sense form of justice that service was made. Failure was your office's fault, not the part of the sender.

"\* \* \* \* \*

"\* \* \*I'm prepared to make a finding of fact that the State of Oregon did not use regular mail, but did use certified mail which was unrestrictive of which Mr. Lowthian received constructive notice by receiving the post office notice of delivery and refused or failed to pick up the mail or call for it to be redelivered \* \* \*."

We agree. The cross-appeal was correctly dismissed.

Affirmed in part; reversed in part and remanded for trial.